UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN L. NEAL | CIVIL ACTION |
| VERSUS | NO. 14-2805 |
| LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS | SECTION "F" (3) |

## ORDER

Before the Court is the Motion to Dismiss [Doc. #9] filed by defendant Louisiana Department of Public Safety & Corrections. The motion is unopposed, despite the fact that the Court reset the motion to allow counsel for plaintiff John L. Neal to file an opposition. Having reviewed the motion and the case law, the Court grants the motion.

**I.     Background**

Plaintiff John L. Neal began his employment with defendant Louisiana Department of Public Safety & Corrections ("defendant") on January 22, 1995 as a State Police Trooper. His current position is that of Master Trooper. In May 2012, Neal passed the examination for promotion to State Police Sergeant. After passing the exam, he applied for several promotional positions. Defendants failed to select him. On March 8, 2013, he learned that defendant had not selected him for two Sergeant positions for which he had applied.

Neal alleges that the candidates that defendant selected for the two positions are white males

with less experience than him. To his knowledge, defendant selected a white male for every position for which he applied.

On March 21, 2013, Neal filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). On September 18, 2014, the EEOC issued him a right-to-sue letter. On December 11, 2014, Neal sued defendant in this Court under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* Neal was initially a *pro se* plaintiff but has since retained counsel. The parties consented to proceed before the undersigned under Rule 28 U.S.C. § 636(c).

## II.    Law and Analysis

Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Even if the plaintiff lacks good cause, the Court has discretion to extend the time for service. *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citing *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996)).

"When service of process is challenged, the serving party bears the burden of proving . . . good cause for failure to effect timely service." *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990) (per curiam). Proof of good cause requires "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985) (emphasis omitted). Additionally, some "showing of good faith

on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified is normally required." *Id.* (emphasis omitted) (internal quotation marks omitted); *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013).  A litigant's *pro se* status neither excuses his failure to effect service, *Sys. Signs Supplies*, 903 F.2d at 1013, nor excuses him for lack of knowledge of the Federal Rules of Civil Procedure.  *See Martin v. Harrison Cnty. Jail*, 975 F.2d 192, 193 (5th Cir. 1992) (per curiam).

To date, Neal has not achieved proper service of summons on defendant. Specifically, Neal's mailing of the summons and complaint is insufficient service. Delivery by mail of the summons and complaint does not comport with federal or Louisiana law as proper service. *McGinnis v. Shalala*, 2 F.3d 548 (5th Cir. 1993)*; Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344 (5th Cir. 1992).  "Simply put, delivery is not synonymous with service." *Carimi*, 959 F.2d at 1348. And state defendants are not required to waive service. Fed. R. Civ. P. 4(d)(1).  "State governments, municipal corporations, and 'other state-created governmental organization[s],' along with the federal government and foreign sovereigns, are not subject to mandatory waiver." *Moore v. Hosemann*, 591 F.3d 741, 746 (5th Cir. 2009).  As such, Neal has yet to properly serve defendant under federal or Louisiana law in this case, and he has filed no opposition to demonstrate any good faith.[1]  195 days – 75 days past the 120-day deadline in Rule 4(m) – and Neal has yet to perfect service on defendant, especially now that he has counsel. This mandates dismissal without prejudice under Rule 4(m).

---

[1] The Court originally set the motion for submission on the briefs on July 22, 2015. [Doc. #10]. When Neal retained counsel, this Court rescheduled the submission date to August 5, 2015 to allow counsel to oppose the motion to dismiss. [Doc. #12]. Pursuant to this Court's local rules, Neal's opposition was due to be filed on July 28, 2015. As of the filing of this order, Neal has yet ot file an opposition.

### III.     Conclusion

For the foregoing reasons,

**IT IS ORDERED** that the Motion to Dismiss [Doc. #9] is GRANTED and plaintiff's complaint is dismissed without prejudice.

New Orleans, Louisiana, this 25th day of August, 2015.

                                                         _____
                                                         **DANIEL E. KNOWLES, III**
                                                         **UNITED STATES MAGISTRATE JUDGE**